UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.        21-50081 (JAM) |
| LOUIS ROMAN, ) | |
| ) | CHAPTER        7 |
| DEBTOR. ) | |
| ) | RE: ECF NO.        19 |

**MEMORANDUM OF DECISION AND ORDER DENYING
MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 13**

**I.    INTRODUCTION**

On February 5, 2021, Louis Roman (the "Debtor"), proceeding *pro se*, commenced this case by filing a voluntary Chapter 7 Petition.  On April 23, 2021, the Debtor filed a Motion to Convert his Chapter 7 case to a case under Chapter 13 (the "Motion to Convert," ECF No. 19). The Court held a hearing on the Motion to Convert on May 11, 2021, at which the Debtor did not appear.  At the conclusion of the May 11th hearing, the Motion to Convert was taken under advisement.  Under the specific facts and circumstances of this case and the prior bankruptcy cases filed by the Debtor, and in accordance with the decision of the United States Supreme Court in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), the Motion to Convert is denied.

**II.    BACKGROUND**

1.    In the Debtor's Chapter 7 Petition filed on February 5, 2021, the Debtor lists his address as 665 Cleveland Avenue, Bridgeport, Connecticut (the "Property").

2.    On February 8, 2021, the Clerk's Evidence of Repeat Filings entered on the docket of this case.  The Clerk's Evidence of Repeat Filings establishes that this is the ninth

bankruptcy case filed by the Debtor, and the seventh bankruptcy case he has filed since 2015. The history of the Debtor's nine bankruptcy cases is set forth below.

| Case Number and Chapter | Filing Date | Dismissal/Closing Date | Reason for Dismissal/Closing |
|---|---|---|---|
| 91-52442[1] Chapter 7 converted to Chapter 13 | September 9, 1991 | April 4, 1995 | Case terminated |
| 06-50026 Chapter 13 | January 23, 2006 | August 22, 2006 | Chapter 13 Trustee's Motion to Dismiss was granted |
| 15-50654 Chapter 13 | May 11, 2015 | June 26, 2015 | Dismissed for failure to pay the filing fee |
| 15-23355[2] Chapter 13 | September 21, 2015 | April 29, 2016 | Creditor's Motion to Dismiss was granted |
| 16-50924 Chapter 13 | July 12, 2016 | October 26, 2016 | Dismissed for failure to file missing documents |
| 16-51510 Chapter 13 | November 14, 2016 | November 22, 2016 | Dismissed because the Debtor's fifth Chapter 13 case was still pending when the sixth Chapter 13 case was filed |
| 17-51351 Chapter 13 | November 6, 2017 | November 21, 2017 | Debtor's Motion to Voluntarily Dismiss was granted |
| 19-50812 Chapter 13 | June 14, 2019 | November 15, 2019 | Dismissed for failure to make plan payments, failure to provide documents to the Chapter 13 Trustee, and failure to appear at the Section 341 Meeting of Creditors |
| 21-50081 Chapter 7 | February 5, 2021 | | |

3.   The Debtor did not confirm a Chapter 13 Plan in any of his prior Chapter 13 cases.

---

[1] The Debtor's first bankruptcy case was a Chapter 7 case filed on September 9, 1991. The Debtor's case was converted to a Chapter 13 case on January 27, 1995.
[2] The Debtor's fourth bankruptcy case was filed in the United States Bankruptcy Court for the Southern District of New York.

2

4. On March 17, 2021, the Chapter 7 Trustee filed a Report of No Distribution in this case after conducting the Section 341 Meeting of Creditors. In the Report of No Distribution, the Chapter 7 Trustee certified that the Debtor's Chapter 7 estate was fully administered.

5. On April 14, 2021, Attorney Juda J. Epstein filed a Notice of Appearance in this case on behalf of the creditor Benchmark Municipal Tax Services, LTD ("Benchmark").

6. On April 23, 2021, the Debtor filed the Motion to Convert, which states that the Debtor seeks to covert his Chapter 7 case to Chapter 13 because he "would prefer to work out his debts within a Bankruptcy Plan."

7. On April 28, 2021, a Notice of Hearing on the Motion to Convert was issued scheduled a hearing to be held on May 11, 2021 at 12:30 p.m. The Debtor was served with the Notice of Hearing through the Court's CM/ECF electronic mail system.[3] *See* ECF No. 21.

8. On May 6, 2021, Benchmark, the assignee of municipal tax liens on the Property, filed a Motion for Relief from Stay regarding the Property. The Motion for Relief from Stay seeks *in rem* relief under 11 U.S.C. § 362(d)(4) on the grounds that the Debtor's Chapter 7 petition was filed as part of a scheme to delay, hinder, or defraud Benchmark from completing a state court foreclosure action regarding the Property (the "State Court Foreclosure Action"). The Motion for Relief from Stay, and the documents attached thereto, assert the following facts with respect to the State Court Foreclosure Action:

    a. The defendant in the State Court Foreclosure Action is "Louis Roman in Trust for Alexandria K. Roman and Dakota T. Roman" (the "Trust").

---

[3] On February 16, 2021, the Debtor filed a Pro Se Filer/Litigant Consent and Request For Electronic Receipt of Documents, in which he consented to the electronic service of Notices and Orders issued by the Court and consented to the electronic service of documents filed by CM/ECF filers, including attorneys.

3

    b. The State Court Foreclosure Action was commenced against the Trust on July 18, 2017 by Cazenovia Creek Funding I, LLC ("Cazenovia") for tax liens on the Property for the tax years 2011, 2012, 2013, 2014, and 2015. On January 14, 2021, Cazenovia assigned the 2012 and 2013 tax liens to Benchmark.

    c. Although not a defendant in the State Court Foreclosure Action, on February 20, 2018, the Debtor signed a Notice of Removal of the proceeding to the United States District Court for the District of Connecticut. On December 10, 2018, the United States District Court for the District of Connecticut remanded the State Court Foreclosure Action to the Superior Court.

    d. On December 14, 2018, the Debtor attempted to remove the State Court Foreclosure Action to Tribal Court.

    e. On December 21, 2018, the Superior Court entered an Order that the Trust may only be represented by an attorney and, therefore, any filings by the Debtor are improper and stricken.

    f. On February 11, 2019, a Judgement of Foreclosure by Sale entered, setting a sale date of June 15, 2019.

    g. On March 3, 2019, the Debtor filed a Motion to Reargue regarding the Judgement of Foreclosure by Sale, which the Superior Court denied.

    h. On June 12, 2019, the Debtor filed a Report that the Trust was revoked, a Report that the Trust had executed a quitclaim deed transferring the Property to the Debtor, and a Report that the Trust had executed a warranty deed transferring the Property to the Debtor.

    i. On June 14, 2019, one day before the court ordered foreclosure sale, the Debtor filed his eighth bankruptcy case.

    j. On November 24, 2020, the Judgement of Foreclosure by Sale was reopened and the Superior Court set a new sale date of February 6, 2021.[4] The Debtor filed this case on February 5, 2021, one day before the court ordered foreclosure sale.

9. On May 21, 2021, the Debtor filed a Response to the Motion for Relief from Stay (the "Response," ECF No. 26). In the Response, the Debtor states that he failed to appear at the

---

[4] The Debtor filed an appeal of the Judgment of Foreclosure by Sale to the Connecticut Appellate Court on January 5, 2021. In an Order dated March 31, 2021, the Appellate Court dismissed the Debtor's appeal on the grounds that the Debtor was not a party to the case and is not an attorney who can file an appeal in a representative capacity.

hearing on the Motion to Convert held on May 11, 2021 due to medical reasons, and argues that the Motion for Relief from Stay should be denied.

10. On May 28, 2021, the Debtor filed supplemental documents in support of his Response, ECF No. 30.

### III. DISCUSSION

Pursuant to 11 U.S.C. § 706(a), a debtor "may convert a case under this chapter to a case under chapter … 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." However, the right to convert provided for by section 706(a) is limited by section 706(d) which provides as follows: "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." Accordingly, a debtor can convert a Chapter 7 case to a case under Chapter 13 if the case has not been previously converted *and* if the debtor may be a debtor under Chapter 13. *See* 11 U.S.C. §§ 706(a) and (d) (emphasis added).

In *Marrama*, the Supreme Court addressed "[a]n issue that has arisen with disturbing frequency," namely, "whether a debtor who acts in bad faith prior to, or in the course of, filing a Chapter 13 petition by, for example, fraudulently concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief." *Id.* at 367. The Court noted that this issue may be presented at the outset of a Chapter 13 case or, as in the instant case, "may arise in a Chapter 7 case when a debtor files a motion under § 706(a) to convert to Chapter 13." *See id.* The Court held that a debtor can forfeit his right to convert to Chapter 13 for cause shown, including bad faith. *Id.* at 370-72.

In so holding, the Court reasoned that section 1307(c) "provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding 'for cause,'" and that Bankruptcy Courts "routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" *Id.* at 373. "In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13." *Id.* at 373-74.

The Court went on to explain that "[n]othing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." *Id.* at 374-75. In fact, "[o]n the contrary, the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." *Id.* at 375. The Court concluded its decision as follows: "Indeed, as the Solicitor General has argued in his brief *amicus curiae*, even if § 105(a) had not been enacted, the inherent power of every federal court to sanction 'abusive litigation practices,' might well provide an adequate justification for a prompt, rather than a delayed, ruling on an unmeritorious attempt to qualify as a debtor under Chapter 13." *Id.* at 375-76 (citation omitted).

The specific facts and circumstances of this case demonstrate that the Debtor is the "atypical litigator" who is "not entitled to the relief available to the typical debtor." *See Marrama* at 374-75. A review of the record of this and the Debtor's eight prior cases supports the finding that the Debtor is not qualified to be a Chapter 13 debtor for several reasons. First, the Debtor's Chapter 7 case is fully administered, although a discharge has not yet entered. If the case is converted to Chapter 13 before a Chapter 7 discharge enters, the automatic stay would remain in effect. *See* 11 U.S.C. § 362(c)(2)(C) (providing that the automatic stay continues until the earliest of the time a discharge is granted or denied in a Chapter 7 case). By seeking conversion, the Debtor is attempting to keep the automatic stay in effect, which would further delay proceedings in the State Court Foreclosure Action. The filing of the Motion to Convert at this stage of the Debtor's Chapter 7 case, coupled with the timing of the filing of this case and the eighth bankruptcy case the day before court ordered foreclosure sales, demonstrates a pattern of delay. This bad faith conduct removes the Debtor from "the class of honest but unfortunate debtors that the bankruptcy laws were enacted to protect," and disqualifies the Debtor from being a debtor under Chapter 13. *See Marrama*, 549 U.S. at 373-74 (internal quotation marks omitted).

In addition, conversion to Chapter 13 would be futile. The Debtor cannot propose a confirmable Chapter 13 Plan and cannot confirm a Chapter 13 Plan over the objection of secured creditors. The Debtor's Schedules I and J, which he submitted under penalty of perjury, state that the Debtor's monthly net income is $390.00. The amount of the Debtor's monthly net income establishes that confirmation of a Chapter 13 Plan to cure the unpaid tax liens debt is impossible.[5] Furthermore, the Debtor was not able to confirm a Chapter 13 Plan in any of the six

---

[5] Benchmark filed a secured proof of claim in the amount of $76,540.36. In order to satisfy Benchmark's secured claim in a confirmed Chapter 13 Plan over 5 years (the allowed term of a Chapter 13 Plan), the Debtor's monthly payments would be no less than $1,275.67.

prior Chapter 13 cases he has filed since 2015. Finally, the Debtor's eighth Chapter 13 case was dismissed because the Debtor failed to make pre-confirmation plan payments to the Chapter 13 Trustee and because the Debtor failed to perform other duties required of a debtor under the Bankruptcy Code. All of these facts support the finding that conversion to Chapter 13 would be futile. *See Law v. Siegel*, 571 U.S. 415, 426 (2014) ("At most, *Marrama's* dictum suggests that in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result required by the Code."). !!

In sum, the Debtor does not qualify as a debtor under Chapter 13 because of his bad faith conduct. *See Marrama* at 373-74. As such, there is "adequate justification for a prompt, rather than a delayed, ruling on an unmeritorious attempt to qualify as a debtor under Chapter 13." *See id.* at 375-76.

**IV.    CONCLUSION**

For the reasons set forth above, it is hereby

**ORDERED:** The Motion to Convert is denied.


Dated at Bridgeport, Connecticut this 16th day of June, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut