**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 21-50081 |
| | ) | | |
| LOUIS ROMAN, | ) | CHAPTER | 7 |
|     Debtor. | ) | | |
| | ) | | |
| BENCHMARK MUNICIPAL TAX SERVICES, LTD., | ) | | |
|     Movant, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| LOUIS ROMAN, | ) | | |
|     Respondent. | ) | RE: ECF NOS. | 23, 43, 51 |

**Appearances**

Juda J. Epstein, Esq.                                               *Attorney for the Movant*
Law Offices of Juda J. Epstein
3543 Main Street
Bridgeport, CT 06606

Mr. Louis Roman                                                    *Pro se Debtor*

**MEMORANDUM OF DECISION AND ORDER
GRANTING IN PART MOTION FOR *IN REM* RELIEF FROM STAY,
OVERRULING OBJECTION TO CLAIM, AND DENYING MOTION TO STRIKE**

**I.     Introduction**

Pending before the Court are the following three matters: (1) The Motion for *In Rem* Relief from the Automatic Stay (the "Motion for *In Rem* Relief from Stay," ECF No. 23) filed by Benchmark Municipal Tax Services, Ltd. ("Benchmark"); (2) The Objection to Benchmark's Proof of Claim (the "Objection to Claim," ECF No. 43) filed by Louis Roman, *pro se* (the "Debtor"); and (3) The Motion to Strike the Appearance of Benchmark (the "Motion to Strike,"

ECF No. 51) filed by the Debtor. The Court is addressing the three matters in this decision because the facts relevant to determining these matters are substantially the same and because the arguments advanced by the Debtor in the Objection to Claim and the Motion to Strike are essentially the same the Debtor advanced in objecting to the Motion for *In Rem* Relief from Stay.

**II.     Relevant Facts**

On February 5, 2021, the Debtor filed this Chapter 7 case. Prior to the filing of this case, a Judgment of Foreclosure by Sale entered in the Connecticut Superior Court (the "Judgment") regarding real property located at 665 Cleveland Avenue, Bridgeport, Connecticut (the "Property") in an action entitled *Cazenovia Creek Funding I, LLC v. Roman, Louis, in Trust for Alexandria K. Roman, et al.*[1], FBT-CV-17-6065629-S (the "State Court Foreclosure Action").[2] On January 8 and 12, 2021, Cazenovia Creek Funding I, LLC assigned all its rights, title, and interests in certain tax liens that were the subject of the Judgment to Benchmark (the "Assignment"). *See* Exhibit A to the Motion for *In Rem* Relief from Stay.

On April 14, 2021, Attorney Juda J. Epstein filed a Notice of Appearance on behalf of Benchmark. On April 23, 2021, after Benchmark filed its appearance, the Debtor filed a Motion to Convert this Chapter 7 case to a Chapter 13 case (the "Motion to Convert," ECF No. 19). The Court denied the Motion to Convert because it found: (i) the Debtor is the "atypical litigator" who is "not entitled to the relief available to the typical debtor," *see Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374-75 (2007); (ii) granting the Motion to Convert would further

---

[1] The defendant in the State Court Foreclosure Action, Louis Roman in Trust for Alexandria K. Roman and Dakota T. Roman, is hereinafter defined as the "Trust."

[2] On June 14, 2019, the day before a foreclosure sale was scheduled to be held, the Debtor filed a Chapter 13 case which stayed the foreclosure sale (the "2019 Bankruptcy Case," Case No. 19-50812). The Judgment of Foreclosure by Sale was subsequently reopened and another Judgment of Foreclosure by Sale entered setting a new foreclosure sale date of February 6, 2021. The Debtor filed this case on February 5, 2021, the day before the rescheduled foreclosure sale.

delay the State Court Foreclosure Action; and (iii) conversion of the Debtor's Chapter 7 case to a Chapter 13 case would be futile because the Debtor cannot propose a confirmable Chapter 13 Plan. *See* Memorandum of Decision and Order Denying Motion to Convert Chapter 7 Case to Chapter 13 (the "Decision Denying Motion to Convert," ECF No. 38).[3]

On May 6, 2021, Benchmark filed the Motion for *In Rem* Relief from Stay. On May 21, 2021, the Debtor filed a Response to Benchmark's Motion for *In Rem* Relief from Stay (the "Response," ECF No. 26), arguing that under *Weldon v. MTAG Services, LLC*, 16-CV-783 (JCH), 2017 WL 776648 (D. Conn. Feb. 28, 2017), municipal tax liens do not qualify as debts and therefore Benchmark is not entitled to *in rem* relief from the automatic stay.

A hearing on the Motion for *In Rem* Relief from Stay was held on June 1, 2021. The hearing was continued at the request of the parties to allow them to attempt to reach a resolution of the Motion. On June 23, 2021, the Debtor filed the Objection to Claim and attached the Response in support of the Objection.

On July 13, 2021, a continued hearing on the Motion for *In Rem* Relief from Stay was held. During the continued hearing, the parties reported that they were attempting to resolve the Motion and were continuing to address the Debtor's assertion that the Assignment was not valid.

On July 26, 2021, Benchmark filed a Reply to the Objection to Claim (the "Reply," ECF No. 48). A hearing on the Objection to Claim was scheduled to be held on August 17, 2021, to coincide with the continued hearing on the Motion for *In Rem* Relief from Stay. On August 16, 2021, the day before the scheduled hearing, the Debtor filed the Motion to Strike asserting, among other things, that Benchmark did not have standing because it is not a creditor of the

---

[3] The Decision Denying the Motion to Convert sets forth in detail the procedural history of this case and the history of the Debtor's nine prior bankruptcy filings. These findings are incorporated by reference herein.

3

Debtor.  The continued hearing on the Motion for *In Rem* Relief from Stay and the hearing on the Objection to Claim were held on August 17, 2021.  The hearings were then continued to the same date and time as the hearing on the Motion to Strike.

On September 9, 2021, Benchmark filed an Objection to the Motion to Strike (the "Objection to the Motion to Strike," ECF No. 59).  On September 10, 2021, the Debtor filed a Sur-Reply to the Objection to the Motion to Strike (the "Sur-Reply," ECF No. 60).  The continued hearing on the Motion for *In Rem* Relief from Stay and the Objection to Claim, and the hearing on the Motion to Strike, were held on September 14, 2021.  At the conclusion of the hearings, the Court took the Motion for *In Rem* Relief from Stay, the Objection to Claim, and the Motion to Strike under advisement.

On October 28, 2021, the Court entered a Scheduling Order regarding the Motion for *In Rem* Relief from Stay because Benchmark asserted in the Motion that the Trust owned the Property, despite evidence to the contrary attached to the Motion.  *See* Exhibit I to the Motion for *In Rem* Relief from Stay.  The parties were allowed to file additional documents to establish the record owner of the Property on the date the Debtor's petition was filed, which the parties did. *See* ECF Nos. 69, 70, 71.  The Motion for *In Rem* Relief from Stay, the Objection to Claim, and the Motion to Strike are now ripe for decision.

**III.     The Motion for *In Rem* Relief from Stay**

In order to obtain relief under 11 U.S.C. § 362(d)(4), a creditor must be a party in interest whose claim is secured by an interest in real property.  The creditor must also establish that the filing of a debtor's petition was part of a scheme to delay, hinder, or defraud the creditor that involved *either* (A) the transfer of all or part ownership of, or other interest in, real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings

affecting the real property.  *See In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (citing *In re Muhaimin*, 343 B.R. 159, 167 (Bankr. D. Md. 2006)).

The Assignment establishes that Benchmark is a party in interest entitled to seek relief under section 362(d), and as a creditor whose claim is secured by an interest in real property, is entitled to seek *in rem* relief under section 362(d)(4).  Although a secured creditor can seek *in rem* relief under section 362(d)(4)(A) *or* (d)(4)(B), Benchmark argues that it should be granted *in rem* relief under *both* sections.

### A. 11 U.S.C. § 362(d)(4)(A)

Relief under section 362(d)(4)(A) requires Benchmark to establish that the filing of the Debtor's petition was part of a scheme to delay, hinder, or defraud Benchmark that involved the transfer of all or part of the Debtor's interest in the Property without Benchmark's consent or court approval.  Although Benchmark has demonstrated that the Debtor transferred ownership of the Property from the Trust to himself on June 10, 2019, *see* Exhibit I to the Motion for *In Rem* Relief from Stay, there is no evidence in the record that the filing of the Debtor's petition was part of scheme involving the transfer that occurred in 2019.  There is also no evidence in the record that establishes the transfer was made without the consent of the secured creditor or court approval.  Cazenovia Creek Funding I, LLC, not Benchmark, was the creditor whose claim was secured by an interest in the Property when the transfer occurred.  *See* Exhibit A to the Motion for *In Rem* Relief from Stay.

When presented with similar facts, the United States Bankruptcy Court for the Southern District of New York declined to grant *in rem* relief to a secured creditor under 11 U.S.C. § 362(d)(4)(A).  *In re Sterling*, 543 B.R. 385, 395 (Bankr. S.D.N.Y. 2015).  In *Sterling*, the secured creditor asserted that the Court should presume a lack of consent where the debtor failed to

transfer a mortgage when certain deeds were transferred.  *Id.*  The Court held that the secured creditor failed to produce evidence sufficient to establish that the secured creditor or its predecessor-in-interest did not consent to the transfer of the property at the time of transfer.  *Id.*  The Court did not grant *in rem* relief because the transfers were made almost a year prior to the filing of the bankruptcy case and did not sufficiently establish that the bankruptcy filing was intended to be part of a scheme involving the transfers.  *Id.*  In this case, the transfer was made over a year before Benchmark had obtained an interest in the Property and before the filing of the Debtor's petition.  Benchmark has therefore failed to meet its burden under section 362(d)(4)(A) to establish that the filing of the Debtor's petition was part of a scheme to delay, hinder, or defraud Benchmark that involved the transfer of all or part ownership of, or interest in, the Property without the consent of the secured creditor or court approval.  Accordingly, Benchmark is not entitled to *in rem* relief pursuant to section 362(d)(4)(A).

### B. 11 U.S.C. § 362(d)(4)(B)

To obtain relief under section 362(d)(4)(B), Benchmark must establish that the filing of the Debtor's petition was part of a scheme to delay, hinder, or defraud Benchmark that involved multiple bankruptcy filings affecting the Property.  Bankruptcy courts "may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone."  *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012).

Here, the Debtor filed three bankruptcy petitions while the State Court Foreclosure Action was pending.  On November 6, 2017, the Debtor filed a Chapter 13 petition commencing his first bankruptcy case affecting the Property (the "2017 Bankruptcy Case," Case No. 17-51351).  The Debtor filed the 2019 Bankruptcy Case, his second Chapter 13 bankruptcy case affecting the Property, by filing a petition on June 14, 2019, the day before a scheduled

foreclosure sale. The Debtor commenced this case on February 5, 2021, the day before the February 6, 2021 foreclosure sale was to be held.

Although the Debtor argues that Benchmark is not entitled to *in rem* relief under *Weldon*, the Debtor's reliance on *Weldon* is misplaced. The issue in *Weldon* was whether a debtor was a consumer debtor within the meaning of the Connecticut Unfair Trade Practices Act ("CUPTA") and whether municipal tax liens were debts within the meaning of the Connecticut Creditors' Collection Practices Act ("CCPA"). The Court in *Weldon* held that the debtor was not a consumer debtor within the meaning of CUPTA because he owed municipal real property taxes and therefore "was a property tax debtor, rather than a consumer debtor." *Weldon*, 2017 WL 776648, at *17-18. The Court further held that municipal tax liens were not debts within the meaning of the CCPA. *Id.* at *19-20.

Unlike *Weldon*, the issues in this case are whether: (i) municipal tax liens are "debts" within the meaning of 11 U.S.C. § 101(12); (ii) Benchmark has a "claim" as defined in 11 U.S.C. § 101(5); and (iii) Benchmark is a creditor whose claim is secured by an interest in the Property entitled to seek *in rem* relief. The Court finds the tax liens are debts of the Debtor, Benchmark holds a claim against the Debtor, and Benchmark is a creditor whose claim is secured by an interest in the Property and therefore is entitled to seek *in rem* relief. Accordingly, *Weldon* is not applicable to the issues in the Debtor's case.

The 2017 Bankruptcy Case, 2019 Bankruptcy Case, and this case were filed, at the very least, to delay the State Court Foreclosure Action. The Court finds that the filing of this case was part of a scheme to delay, hinder, or defraud Benchmark that involved multiple bankruptcy filings affecting the Property. Accordingly, Benchmark is entitled to *in rem* relief pursuant to section 362(d)(4)(B).

### IV. The Objection to Claim and the Motion to Strike

The Debtor filed the Objection to Claim and the Motion to Strike after Benchmark sought *in rem* relief from the automatic stay. In the Objection to Claim and the Motion to Strike, the Debtor continues to object to *in rem* relief and again argues that *Weldon* holds that Benchmark is not entitled to the relief it is seeking. As noted above, the Debtor's reliance on *Weldon* is misplaced. For the reasons stated herein, the Debtor's Objection to Benchmark's Proof of Claim is not sustainable. Furthermore, the Debtor's claim that Benchmark's appearance should be stricken because Benchmark lacks standing is without merit. Benchmark has established that it has standing as a secured creditor pursuant to the Assignment. For these reasons, the Objection to Claim is overruled and the Motion to Strike is denied.

Therefore, it is hereby

**ORDERED:** The Motion for *In Rem* Relief from Stay, ECF No. 23, is granted in part pursuant to 11 U.S.C. § 362(d)(4)(B). The 14-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived. A separate order granting *in rem* relief from the automatic stay will enter; and it is further

**ORDERED:** The Objection to Claim, ECF No. 43, is overruled; and it is further

**ORDERED:** The Motion to Strike, ECF No. 51, is denied.

Dated at Bridgeport, Connecticut this 3rd day of December, 2021.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut